**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**MALONE DIVISION**

| | | |
|---|---|---|
| JAY CLOOKEY | ) | Case No. __8:10-CV-0695 (DNH/DRH)__ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| RELIANT CAPITAL SOLUTIONS, LLC | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4.      Plaintiff, Jay Clookey ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Franklin, and City of Brushton.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Reliant Capital Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of

attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including Defendant calling and leaving messages on Plaintiffs answering machine for an alleged debt that is not his and requiring the recipients legal representative to return the call (§ 1692d)).

12.     Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendants collectors challenging Plaintiff when asked how they got his phone number by stating "well, why did she give it to us, then?" (which was a false statement)(§ 1692e(10).

13.     In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff, including Defendants collectors shouting at Defendant when he indicated that he did not know the alleged debtors phone number "Yup.  Sounds like the truth to me.  Sounds really like the truth, doesnt it?  I mean, c'mon.  No cell?...Very realistic." (§ 1692d(2)).

14.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

15.     Plaintiff repeats and re-alleges each and every allegation contained above.

16.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated the FDCPA;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

17.    Plaintiff is entitled to and hereby demands a trial by jury.


This This 15th day of June, 2010.


ATTORNEYS FOR PLAINTIFF
*Jay Clookey*

Respectfully submitted,


s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012